NO. 07-08-0366-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 18, 2009
_____

SHANE SEPEDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,621-A; HONORABLE HAL MINER, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

_____**MEMORANDUM OPINION**


Appellant, Shane Sepeda, appeals his conviction for the offense of indecency with a child by sexual contact and sentence of 20 years incarceration in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). We affirm the judgment as modified.


Background


On the night of February 13, 2008, appellant had custody of his daughter for an overnight visitation. At some point in the evening, appellant left the home to pick up his

girlfriend from work and, upon his return, found that his daughter was no longer at the home. Upon calling the child's mother, he was informed that the child had made an allegation that he had forced her to touch his "wee wee." Appellant was charged and indicted for the offense of indecency with a child by sexual contact.

At trial, appellant contended that the child was being directed by her mother to lie in order to circumvent a court order directing visitation between appellant and his daughter. At the conclusion of the trial, the jury found appellant guilty of the charged offense. Appellant went to the trial court for punishment. At closing argument, appellant's counsel repeatedly asked that the trial court consider probation or shock probation. Instead, the trial court sentenced appellant to 20 years in ID-TDCJ.

On appeal, appellant raises three issues contending that (1) the evidence is legally and factually insufficient; (2) counsel was ineffective because counsel argued for probation when probation was not available; and (3) trial court erred in assessing court appointed attorney fees without making a determination of appellant's ability to pay.

## Standard of Review

When appellant challenges both legal and factual sufficiency, we are required to conduct an analysis of the legal sufficiency of the evidence first and then, only if we find the evidence to be legally sufficient, do we analyze the factual sufficiency of the evidence. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App.1996). In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential

2

elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

In this case, the evidence was testimonial. During the State's case in chief, the jury heard from the alleged victim, her mother, and the police officer who responded to the call. The alleged victim presented testimony that she was present in appellant's home when he decided to view a pornographic movie. After becoming tired, she went to the bedroom and appellant followed. After believing that his daughter had fallen asleep, appellant grabbed her hand and placed it on his penis. The victim stated that she awoke and moved her hand away from appellant. Appellant then left the room and, shortly after, left the home. The victim called her mother who, in turn, called the police. Officer Charles Williams testified that he received the call and responded. When he arrived at appellant's home, Williams testified that he found the victim and spoke to her. Williams stated that he found the victim to be terrified, crying, and very upset. Further, Williams stated that the victim wrote her own statement detailing the events of the evening.

Appellant was accused of committing the offense of indecency with a child by sexual contact. See TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon Supp. 2009). For that offense, the State is required to prove that the person (1) caused a child (2) younger than 17 years of age (3) to engage in sexual contact. Id. Sexual contact means any touching of any part

of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person with the intent to arouse or gratify the sexual desire of any person. Id. The testimony of the victim established that she was younger than the age of 17 and that, according to her, appellant moved her hand and placed it on his penis. Additionally, the victim testified that appellant began moving her hand up and down. This testimony is direct evidence of the first two elements.

In contrast, the victim did not provide any direct testimony that the action was engaged with the intent to arouse or gratify the sexual desires of anyone. However, the State is not required to prove that appellant was actually aroused because the element of the offense only requires that the action be taken *with the intent* to arouse or gratify the sexual desire of any person. See Shaman v. State, 280 S.W.3d 271, 278 (Tex.Crim.App. 2007, no pet.). Additionally, intent may be inferred from acts, words, and conduct of the accused. Id. We conclude that a rational jury could have inferred from appellant's act that he intended to gratify his sexual desires. Viewing the record evidence in the light most favorable to the verdict, we conclude that the evidence was legally sufficient to support each element. We overrule appellant's legal sufficiency challenge.

Next, we review the evidence for factual sufficiency. In a factual sufficiency review, we must consider all of the evidence in a neutral light to determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). The appellate court views the evidence in a neutral light and asks whether the evidence supporting the verdict is so weak or so against the great weight and preponderance of the evidence as to render the verdict manifestly

4

unjust. See Steadman v. State, 280 S.W.3d 242, 246 (Tex.Crim.App. 2009). A wrong and unjust verdict includes instances in which the jury's finding "shocks the conscience," or clearly demonstrates bias. See Grotti v. State, 273 S.W.3d 273, 280 (Tex.Crim.App. 2008). In doing a factual sufficiency review, the appellate court must be mindful that a jury has already passed on the facts and must give due deference to the determinations of the jury. See Lancon v. State, 253 S.W.3d 699, 704-05 (Tex.Crim.App. 2008). If the verdict is set aside, the court of appeals's opinion should clearly explain how the evidence supporting the verdict is too weak on its own or how the contradicting evidence so greatly outweighs the evidence in support of the verdict. See id. Further, if a court of appeals upholds a verdict, it is required to consider the most important evidence that the appellant claims undermines the jury's verdict and explain why it does not have the persuasive force that the party believes is sufficient to overturn the verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

In this matter, to counter the victim's testimony, appellant testified as well as had his mother and sister testify on his behalf. Appellant's contention at trial was that the victim's mother did not wish for him to exercise his visitation rights with his daughter. However, because of a court order allowing him visitation, appellant contended that the victim's mother was using the State to do what she could not legally accomplish. Hence, appellant's main contention is that the victim's mother concocted a story in which to get appellant arrested. Further, appellant contended that his daughter, the victim, was the person that was viewing a pornographic movie at his house. Appellant testified that he was asleep in the living room and awoke when his girlfriend called from work. Upon waking up, appellant testified that he became aware that his daughter was watching a pornographic

5

movie, scolded her and sent her to the bedroom; appellant then testified he left to meet his girlfriend at her workplace to take her to eat during her break. Upon his return to the home, appellant noticed his daughter was gone and proceeded to call the child's mother who notified him of the allegations.

Being mindful that a jury has already passed on the facts and giving the jury due deference to its determinations, we conclude that the evidence supporting the verdict is not so weak or so against the great weight and preponderance of the evidence as to render the verdict manifestly unjust. See Lancon, 253 S.W.3d at 704-05. As appellant has stated in his brief, the jury was faced with conflicting testimony and was required to determine the credibility of all witnesses. Whereas appellant would have liked the jury to believe that the child's mother was manipulating the system in order to prevent the exercise of his visitation rights with his daughter rather than the victim's testimony that appellant placed her hand on his penis, we cannot say that the jury was not justified in its verdict. In essence, the jury simply chose to believe a 10 year old rather than appellant. Thus, we conclude that appellant's contention that a jury was not justified in believing the victim's testimony does not have the persuasive force that appellant believes it does. See Sims, 99 S.W.3d at 603. We overrule appellant's challenge to the factual sufficiency. We overrule appellant's first issue.

Ineffective Assistance of Counsel

When confronted with an ineffective assistance of counsel claim, we apply the two-pronged analysis set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v.

6

<u>State</u>, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (adopting <u>Strickland</u> as applicable standard under the Texas Constitution).

Under the first prong of the <u>Strickland</u> test, an appellant must show that counsel's performance was "deficient." <u>Strickland</u>, 466 U.S. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id</u>. To be successful in this regard, an appellant "must show that counsel's representation fell below an objective standard of reasonableness." <u>Id</u>. at 688. Under the second prong, an appellant must show that the deficient performance prejudiced the defense. <u>Id</u>. at 687. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>. at 694. Appellant must prove both prongs of <u>Strickland</u> by a preponderance of the evidence in order to prevail. <u>Tong v. State</u>, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000); <u>McFarland v. State</u>, 845 S.W.2d 824, 842 (Tex.Crim.App. 1992).

In this matter, appellant contends that his counsel was ineffective because his counsel argued for probation when it was not available as an option from the judge upon conviction. Indecency with a child by sexual contact is a 3g offense. <u>See</u> Tex. Code Crim. Proc. Ann. art. 42.12 § 3g(a)(1)(C) (Vernon Supp. 2009). Therefore, appellant was not eligible for judge ordered community supervision upon his conviction. <u>Id</u>. Thus, under the first prong of <u>Strickland</u>, we concluded that appellant has demonstrated that his representation was deficient because we cannot say that counsel's representation meets

an objective standard of reasonableness. See Andrews v. State, 159 S.W.3d 98, 102 (Tex.Crim.App. 2005) (When no reasonable trial strategy can justify trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law).

We next review counsel's representation under the second prong. In judging the prejudice, appellant must show by a preponderance of the evidence "that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." See Strickland, 466 U.S. at 687. Here, appellant argues that "had counsel properly urged that the evidence warranted a sentence of something less than the maximum, the trial court might well have been persuaded to assess just that. Instead counsel argued for community supervision, which no 'reasonable competent attorney would have engaged in for any reason.'" Further appellant contends in his brief that "[c]ounsel wasted his closing argument in this regard." Although we agree that counsel should not have argued for community supervision when it was not available, we fail to see the logic of counsel's argument or how counsel "wasted his closing argument." From the record, it appears that neither the prosecutor nor the trial court were cognizant of the fact that community supervision was not an option in this case. Further, assuming that the trial court erroneously believed that community supervision was available, appellant has failed to show how the results of the proceedings would have been different by counsel asking for the minimum available punishment of two years incarceration. There is no evidence from the record that the trial court would have assessed punishment any differently had trial counsel for appellant asked for two years incarceration versus community supervision. Furthermore, the right to effective assistance

8

of counsel does not mean errorless or perfect counsel whose competency of representation is to be judged by hindsight. See Robertson v. State, 187 S.W.3d 475, 483 (Tex.Crim.App. 2006). Counsel's performance is judged by "the totality of the representation" and "judicial scrutiny of counsel's performance must be highly deferential" with every effort made to eliminate the distorting effects of hindsight. Id. Appellant has not shown by a preponderance of the evidence that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. We overrule appellant's second issue.

Reimbursement of court appointed attorney fees

Appellant's final issue focuses on the assessment of court appointed attorney fees without a determination by the court of appellant's ability to pay the fees. Appellant contends that under article 26.05(g) of the Texas Code of Criminal Procedure, the trial court must make a determination of whether "a defendant has financial resources to enable him to offset in part or in whole the cost of the legal services provided." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Vernon Supp. 2009). If convicted, the trial court is to assess the costs of the legal services provided, as court costs, the amount that it finds the defendant is able to pay. Id. This court has previously determined that the record shall contain such determination of appellant's financial resources in order to uphold the assessment of court appointed attorney fees. See Mayer v. State, 274 S.W.3d 898, 901 (Tex.App.–Amarillo 2008, pet. ref'd). Without evidence to demonstrate appellant's financial resources to offset the costs of the legal services, the trial court erred in ordering reimbursement of appointed fees. Id. Accordingly, we modify the judgment as follows:

9

IT IS FURTHER ORDERED that any Fine, Court Costs, Court Appointed Attorney fees, and Time Payment fee (if applicable) as ordered herein be paid as follows:

shall now read:

IT IS FURTHER ORDERED that any Fine, Court Costs, and Time Payment fee (if applicable) as ordered herein be paid as follows:

See id. at 901-902 (citing Slaughter v. State, Nos. 2-04-050-CR, 2-04-051-CR, 2005 WL 183142, at *3-*5 (Tex.App.–Fort Worth Jan. 27, 2005, no pet.) (not designated for publication)) (when trial court imposes an invalid condition in its judgment, the proper remedy is to reform the judgment by deleting the invalid condition).

## Conclusion

Having overruled appellant's first two issues but having sustained appellant's final issue regarding repayment of court appointed attorney fees, we modify the trial court's judgment, as identified above, and affirm the judgment as modified.


Mackey K. Hancock
Justice


Do not publish.

10