NO. 07-06-0213-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 17, 2007
_____

ITAMAR G. SHAMAM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. ONE  OF LUBBOCK COUNTY;

NO. 2005-495,229; HONORABLE LARRY B. "RUSTY" LADD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Itamar G. Shamam, appeals his conviction for the offense of indecent exposure and sentence of 60 days confinement in the Lubbock County Jail.  We affirm.

Background

Around 4:10 p.m. on February 21, 2005, Laura Sepeda was walking to her car from Texas Tech University when she saw a car stopped at a stop sign.  Because Sepeda needed to cross the street at the intersection that the car was stopped at, she waited to let

the car pass. When the car did not pass, Sepeda began to cross the street while looking at the driver to make certain that he was aware that she was crossing the street. When Sepeda got into the street, she could see that the driver was masturbating. Immediately after Sepeda got across the street, she dropped her backpack, took out a pencil and a piece of paper, and wrote down the license plate number of the car as it was driving away from the intersection.

Sepeda continued on to her vehicle where she called the police to report the events she had witnessed. An officer was dispatched to Sepeda's location. Sepeda gave the officer a statement regarding what she had observed and gave the officer the license plate number that she had written down. The Lubbock Police Department ran a check on the license plate number Sepeda had given them, which indicated that the car was registered to appellant. The police prepared a photo lineup including a photo of appellant. This lineup was shown to Sepeda who identified appellant as the perpetrator, but also noted on the lineup that the photo of appellant "looks like him but not sure."

Appellant was charged by information with the offense of indecent exposure. At the time that appellant was arraigned, appellant signed a Request for Attorney Form indicating that he did not request the appointment of counsel. At the announcement hearing, appellant appeared *pro se*. The trial court advised appellant of the charge against him and the range of punishment for the charge. The trial court indicated that appellant had requested that he be allowed to represent himself. The trial court asked appellant about his educational background, whether he had any training in the law, and whether he had ever represented himself in a legal matter. The trial court admonished appellant that he

2

had a right to counsel, that he could have counsel appointed to him if he could not afford to hire counsel, and the trial court discussed certain risks and disadvantages to self-representation. The trial court further admonished appellant that a conviction could result in a 180 day sentence in the Lubbock County Jail and then discussed the possible consequences that a 180 day sentence could have on appellant's life. After these admonishments, appellant stated that he did not want a court-appointed attorney at this time. At subsequent hearings and again at trial, the trial court confirmed appellant's desire to represent himself. Following jury trial, appellant was found guilty of the offense of indecent exposure. He was subsequently sentenced by the trial court to 60 days incarceration in the Lubbock County Jail.

By four issues, appellant appeals. Appellant contends that (1) the trial court erred in refusing to declare a mistrial for prosecutorial misconduct, (2) appellant was denied assistance of counsel because he was not properly admonished regarding his waiver of counsel, (3) the trial court erred in allowing an unreliable in-court identification, and (4) the evidence was legally and factually insufficient to support the conviction. We will address appellant's issues in logical rather than sequential order.

## Waiver of Right to Counsel

By his second issue, appellant contends that he did not make a voluntary, knowing, and intelligent waiver of his right to counsel. Appellant contends that, for his waiver of counsel to have been knowing and intelligent, the trial court had to inform appellant of "the total and complete ramifications that a conviction for indecent exposure could have on the

Appellant for the rest of his life." However, we conclude that appellant would impose a far more onerous burden on the trial court than the already onerous burden required by law for a valid waiver of counsel.

The Sixth Amendment to the United States Constitution and Article 1, Section 10, of the Texas Constitution provide that a defendant in a criminal trial has the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10. However, this right to counsel may be waived and a defendant may choose to represent himself at trial. See Faretta v. Cal., 422 U.S. 806, 821, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Although the right to self-representation is absolute, a waiver of the right to counsel will not be lightly inferred and we are to indulge every reasonable presumption against the validity of a waiver. Manley v. State, 23 S.W.3d 172, 173 (Tex.App.–Waco 2000, pet. ref'd).

For a waiver of counsel to be valid, it must (1) be an intelligent and knowing waiver, and (2) the party waiving the right must be made aware of the dangers and disadvantages of self-representation. Id. In assessing the validity of a waiver of counsel,

> the court must make an inquiry, evidenced by the record, which shows that the defendant has sufficient intelligence to demonstrate a capacity to waive his right to counsel and the ability to appreciate the practical disadvantage he will confront in representing himself. The court must determine not only that the defendant wishes to waive his right to counsel, but that he understands the consequences of such waiver.

Id. at 173-74 (citations omitted).

In the present case, the record reflects that appellant's waiver of the right to counsel was intelligently and knowingly made and that the trial court made appellant aware of the

4

dangers and disadvantages of self-representation. The trial court inquired into appellant's intelligence to demonstrate capacity to waive his right to counsel. The record reflects that appellant was 34 years old, had completed the course work for a doctorate degree in mathematics, was able to read and write the English language, and had previously represented himself in a civil eviction action. The trial court informed appellant that he had a right to counsel and that, if he could not afford an attorney, one would be appointed to him. The trial court also informed appellant of the charges against him, the possible maximum sentence that could be imposed, and the court discussed some of the ways that a sentence of incarceration could affect appellant's life. The trial court also explained that representing one's self can lead to problems of objectivity and that appellant would be required to abide by the rules of evidence and procedure and that he would not be granted any special consideration due to his lack of training in the law. The record reflects that appellant was properly advised of the dangers and disadvantages of self-representation, yet he intelligently and knowingly waived his right to counsel.

Appellant contends that, for his waiver of counsel to have been knowing and intelligent, the trial court had to inform him of "the total and complete ramifications that a conviction for indecent exposure could have on the Appellant for the rest of his life." Specifically, appellant indicates that the trial court never warned appellant of the probable outcome to his teaching profession at a state university if he were found guilty of indecent exposure. In addition, appellant argues that he was never warned of "the probable hardships that would present themselves for the remainder of Appellant's life if he were to be found guilty of indecent exposure." However, appellant cites us to no authority placing

5

a duty upon the courts to ensure that an accused is aware of every possible collateral consequence that may result from a conviction before a waiver of counsel will be deemed valid. In the present case, the record reflects that the trial court informed appellant of the charge against him and the range of punishment applicable to that charge. The trial court went further and discussed with appellant how a sentence of incarceration could disrupt the lives of his family and affect his military service. We do not believe that the validity of a waiver of counsel is dependant upon the trial court's ability to foresee "the total and complete ramifications that a conviction" for the charged offense may have.

In addition, Appellant contends that his waiver of counsel was not valid because the trial court made no express inquiry into the voluntariness of appellant's waiver. While a waiver of right to counsel is valid only if it is voluntarily made, a determination that a waiver was voluntary may be inferred from the actions and words of the accused based on the particular circumstances of the case. See Johnson v. State, 760 S.W.2d 277, 289 (Tex.Crim.App. 1988); Moreno v. State, 511 S.W.2d 273, 276-277 (Tex.Crim.App. 1974). After the trial court admonished appellant regarding the dangers and disadvantages of self-representation and confirmed that appellant's waiver was being intelligently and knowingly made, appellant made certain statements that seemed to the trial court to make appellant's waiver equivocal. The trial court discussed this apparent change in position with appellant, reiterated to appellant that an attorney could be appointed to him at no charge, and stated that "All that takes is a request." However, appellant persisted in his waiver of counsel. After this brief appearance of equivocation, appellant repeatedly and consistently maintained his desire to represent himself.

6

The record reflects that appellant, after having been advised of the dangers and disadvantages of self-representation, voluntarily, knowingly, and intelligently waived his Sixth Amendment right to counsel. Therefore, we overrule appellant's second issue.

In-Court Identification

By his third issue, appellant contends that Sepeda's in-court identification should have been excluded due to an unreliable photo lineup. Appellant cites authority that a suggestive photo lineup can irreparably taint a subsequent in-court identification, yet appellant makes no attempt to identify any particular aspect of the photo lineup that was impermissibly suggestive. Rather, appellant contends that, because Sepeda indicated that appellant's picture "looks like him but not sure," that her positive in-court identification, coming eleven months after she witnessed the event, was unreliable and should, therefore, have been excluded.

A *pro se* litigant must comply with the rules of evidence and procedure and is not to be granted any special treatment because he has asserted his *pro se* rights. Johnson, 760 S.W.2d at 279. The Texas Rules of Appellate Procedure require a litigant, to preserve error for review, to timely object to the alleged error and state the grounds for the ruling sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context of the objection. TEX. R. APP. P. 33.1(a)(1)(A); Dixon v. State, 2 S.W.3d 263, 265 (Tex.Crim.App. 1998). A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. See Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000).

7

In the present case, appellant voiced no objection to Sepeda's in-court identification testimony. Therefore, any error in the admission of this evidence has not been preserved for appellate review. See TEX. R. APP. P. 33.1(a)(1)(A); Dixon, 2 S.W.3d at 265. The record reflects that appellant, through cross-examination, elicited testimony from Sepeda that she was not 100 percent certain that the photo she identified in the photo lineup was of the person that committed the offense. However, Sepeda's uncertainty in regard to the photo identification would go to the weight to be afforded the evidence rather than to its admissibility.

We overrule appellant's third issue.

Prosecutorial Misconduct

By his first issue, appellant contends that the trial court erred in refusing to declare a mistrial for prosecutorial misconduct. Appellant cites three particular instances that he contends constitute prosecutorial misconduct. The proper method of preserving error resulting from prosecutorial misconduct is to (1) object on specific grounds, (2) request an instruction for the jury to disregard the evidence or argument, and (3) move for mistrial. Penry v. State, 903 S.W.2d 715, 764 (Tex.Crim.App. 1995). As above, appellant did not object to any of the instances of alleged prosecutorial misconduct and, therefore, nothing is preserved for our review.

We overrule appellant's first issue.

8

Legal and Factual Sufficiency

By his fourth issue, appellant challenges the legal and factual sufficiency of the evidence to support his conviction for indecent exposure. Specifically, appellant challenges the sufficiency of the evidence identifying him as the person that committed the offense and establishing the requisite intent to arouse or gratify the sexual desire of any person.

When reviewing challenges to both the legal and factual sufficiency of the evidence to support the verdict, we first review the legal sufficiency challenge. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). The jury is the sole judge of the weight and credibility to be afforded the evidence. Jackson, 443 U.S. at 319.

To obtain a conviction for the offense of indecent exposure, the State had to prove that appellant exposed his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person and he did so while being reckless about whether another was present who would be offended or alarmed by his act. TEX. PEN. CODE ANN. § 21.08(a) (Vernon 2003).

9

Viewing the record evidence in the light most favorable to the verdict, we conclude that the evidence was sufficient to support each essential element of the offense beyond a reasonable doubt. In regard to appellant's challenge of the evidence supporting his identification, the record reflects that appellant owned a vehicle that displayed a license plate with the same license plate number as the one that was written down by Sepeda, Sepeda positively and unequivocally identified appellant as the perpetrator of the offense by her in-court testimony, and appellant's boss testified that appellant told her that, in February of 2005, he had been in the area where the indecent exposure occurred. Viewing this evidence in the light most favorable to the verdict, a rational jury could have found this element of the offense beyond a reasonable doubt. As to the intent to arouse or gratify element, Sepeda testified that she observed appellant masturbating. Intent may be inferred from acts, words, and conduct of the accused. Hernandez v. State, 819 S.W.2d 806, 810 (Tex.Crim.App. 1991). We conclude that a rational jury could have inferred from appellant's act that he intended to gratify his sexual desires. We overrule appellant's legal sufficiency challenge.

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we are to give deference to the fact finder's determinations if supported by the record and may not order a new trial simply because we may disagree with the verdict. See id. at 417. As an appellate court, we are not justified

in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Appellant challenges the factually sufficiency of the evidence to support the same two elements as above. Keeping in mind the evidence identified above that would support the identification of appellant as the perpetrator of the offense, we must also consider appellant's argument that he was not and could not have been at the location when the offense occurred because he was across town. Appellant offered a receipt from a supermarket located some distance from the scene of the crime which indicated that appellant made a purchase of a pack of gum at 4:27 p.m. According to Sepeda, the crime occurred around 4:10 p.m. Appellant also indicates that "there is possible evidence that the time clocks on [the supermarket's] computers was (sic) 10 minutes fast on February 21, 2005." However, appellant provides no record reference for this "possible evidence" nor can we find any evidence in the record that would support this contention. Detective English testified that he drove from the location of the crime to the supermarket identified on appellant's receipt at the same time of day as when the offense occurred and a person could have made that trip and purchased a pack of gum in this 17 minute window. Considering all the evidence in a neutral light, we conclude that the jury was rationally justified in finding that appellant was the perpetrator of the offense. As for evidence of intent to arouse or gratify, appellant contends that there was no express evidence that

11

either he or Sepeda were aroused or gratified by the indecent exposure. However, the offense requires that the exposure occurs <u>with intent</u> to arouse or gratify the sexual desire of any person. As stated above, intent may be inferred from acts, words, and conduct of the accused. <u>Hernandez</u>, 819 S.W.2d at 810. Even in the absence of direct testimony that appellant intended to gratify his own sexual desires by masturbating, the jury was rationally justified in inferring his intent to gratify his sexual desire from his actions. We overrule appellant's factual sufficiency challenge.

We overrule appellant's fourth issue.

### Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Publish.