NO. 07-09-0294-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 22, 2010
_____

DAVID GUERRERO AGUILAR,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242nd DISTRICT COURT OF HALE COUNTY;

NO. B18054-0905; HON. ED SELF, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPELL and PIRTLE, JJ.

Appellant David Guerrero Aguilar appeals from his conviction for indecency with a child by contact. Via a single issue, he contends the evidence is factually insufficient to show that he was the person who committed the offense and that he had the requisite mental state due to his intoxication. We affirm.

### *Background*

While emptying the trash at 9 p.m., the victim, who was eight at the time, encountered a man in her backyard. The man approached her, placed his hand underneath her clothing and touched her buttocks and vagina. The girl then began knocking on the back door of her house to gain entry. Apparently, her father had just locked it while not knowing she was outside. Upon his opening the door, he encountered a distraught daughter and appellant next to her. No one else was seen.

The child ran inside and told her mother what had occurred. Upon hearing this, the child's father struck appellant and held him until the police arrived. When asked, the father testified that appellant appeared intoxicated.

*Issue – Factual Insufficiency*

According to appellant the evidence is factually, not legally, insufficient to identify him as the assailant since no one directly testified that he was the person who touched the child. Rather, the evidence simply placed him in the backyard, next to the girl when her father opened the door. So too does he question the factual sufficiency of the evidence illustrating that he had the requisite *mens rea* to commit the offense since he was drunk. We overrule each contention.

The standard of review for factual sufficiency issues is well established. We refer the parties to *Watson v. State*, 204 S.W.3d 404 (Tex. Crim. App. 2006) for its explanation.

As charged by the indictment, appellant could be found guilty of the offense if the State established, beyond reasonable doubt, that he engaged in sexual contact with the child. TEX. PENAL CODE ANN. §21.11 (Vernon Supp. 2009). Furthermore, sexual contact

consists of touching "any part of the genitals of a child" with "intent to arouse or gratify the sexual desire of any person." *Id.* §21.11(c).

As for the dispute regarding appellant's identity as the assailant, the record illustrates that the offense occurred after dark as the child was returning from emptying the household trash. The dumpster wherein the trash was placed was located in the alley behind her house. After being touched, the child grew scared and attempted to enter her house. When her father responded to her knocking, appellant was the only one he saw in the yard, other than his daughter. Moreover, appellant was standing adjacent to the girl. It is beyond doubt that one can be convicted on the basis of circumstantial evidence that proves beyond reasonable doubt that appellant committed that with which he was accused. *Laster v. State,* 275 S.W.3d 512, 520-21(Tex. Crim. App. 2009). So direct evidence of appellant being the assailant was unnecessary if circumstantial evidence nonetheless existed establishing him as same. And, such circumstantial evidence existed here, given the aforementioned evidence. The latter is not weak. Nor does the entire evidentiary record render the verdict manifestly wrong or unjust.

Regarding the matter of appellant's *mens rea*, evidence of his intoxication did not *ipso facto* render factually insufficient the jury's finding that he touched the child with the intent to arouse or gratify someone's sexual desire. Indeed, the court in *Smock v. State*, No. 11-03-00376, 2005 Tex. App. Lexis 3612 (Tex. App.–Eastland May 12, 2005, no pet.) (not designated for publication) (wherein appellant contended that the evidence was factually insufficient to prove he had the intent to commit burglary by committing or attempting to commit indecency with a child due to his intoxication), found the evidence

3

factually sufficient to support conviction even though appellant was drunk. *Id.* at *10. And, because one's intent may be inferred from his conduct and words, *Shamm v. State*, 280 S.W.3d 271, 277 (Tex. App.–Amarillo 2007, no pet.) (involving whether the State sufficiently proved that appellant exposed himself with the intent to arouse or gratify the sexual desire of any person); *accord, Esquivel v. State*, No. 04-06-0695-CR, 2007 Tex. App. LEXIS 8640 (Tex. App.–San Antonio October 31, 2007, pet. dism'd) (not designated for publication) (stating that the specific intent to arouse or gratify the sexual desire of any person can be inferred from the defendant's conduct, remarks and the surrounding circumstances), the jury was entitled to conclude that appellant had the requisite specific intent to arouse and gratify his sexual desire from the evidence that he approached the child in her backyard at night, slipped his hands under her clothes and touched both her genitalia and buttocks. Such a conclusion is not supported by weak evidence. Nor is it manifestly unjust simply because appellant also may have been drunk.

The judgment of the trial court is affirmed.


Brian Quinn
Chief Justice

Do not publish.

4