NO.
 07-09-0294-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                                APRIL
22, 2010

                                            ______________________________

 

                                                  DAVID GUERRERO AGUILAR, 

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS, 

 

                                                                                                            Appellee

                                           _______________________________

 

                           FROM THE 242nd
DISTRICT COURT OF HALE COUNTY;

 

                                   NO. B18054-0905;
HON. ED SELF, PRESIDING

                                           _______________________________

 

Memorandum Opinion

       _______________________________

 

Before
QUINN, C.J., and CAMPELL and PIRTLE, JJ.

            Appellant David Guerrero Aguilar
appeals from his conviction for indecency with a child by contact.  Via a single issue, he contends the evidence
is factually insufficient to show that he was the person who committed the
offense and that he had the requisite mental state due to his intoxication.  We affirm.

 

 

Background

            While emptying the trash at 9 p.m.,
the victim, who was eight at the time, encountered a man in her backyard.  The man approached her, placed his hand
underneath her clothing and touched her buttocks and vagina.  The girl then began knocking on the back door
of her house to gain entry.  Apparently,
her father had just locked it while not knowing she was outside.  Upon his opening the door, he encountered a
distraught daughter and appellant next to her. 
No one else was seen.  

            The child ran inside and told her
mother what had occurred.  Upon hearing
this, the child’s father struck appellant and held him until the police
arrived.   When asked, the father testified that appellant
appeared intoxicated.

Issue – Factual Insufficiency

            According to appellant the evidence
is factually, not legally, insufficient to identify him as the assailant since
no one directly testified that he was the person who touched the child.  Rather, the evidence simply placed him in the
backyard, next to the girl when her father opened the door.  So too does he question the factual
sufficiency of the evidence illustrating that he had the requisite mens rea to commit
the offense since he was drunk.  We
overrule each contention.  

            The
standard of review for factual sufficiency issues is well established.  We refer the parties to Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006) for its explanation.  

            As charged by the indictment,
appellant could be found guilty of the offense if the State established, beyond
reasonable doubt, that he engaged in sexual contact
with the child.  Tex. Penal Code Ann. §21.11 (Vernon Supp. 2009).  Furthermore, sexual contact consists of touching
"any part of the genitals of a child" with "intent to arouse or
gratify the sexual desire of any person."  Id. §21.11(c).

            As for the dispute regarding
appellant’s identity as the assailant, the record illustrates that the offense
occurred after dark as the child was returning from emptying the household
trash.  The dumpster wherein the trash
was placed was located in the alley behind her house.  After being touched, the child grew scared
and attempted to enter her house.  When
her father responded to her knocking, appellant was the only one he saw in the
yard, other than his daughter.  Moreover,
appellant was standing adjacent to the girl. 
It is beyond doubt that one can be convicted on the basis of
circumstantial evidence that proves beyond reasonable doubt that appellant
committed that with which he was accused. 
Laster v. State, 275 S.W.3d
512, 520-21(Tex. Crim. App. 2009). 
So direct evidence of appellant being the assailant was unnecessary if
circumstantial evidence nonetheless existed establishing him as same.  And, such circumstantial evidence existed
here, given the aforementioned evidence. 
The latter is not weak.  Nor does
the entire evidentiary record render the verdict manifestly wrong or
unjust.    

Regarding the matter of appellant’s mens rea, evidence of his intoxication did
not ipso facto render factually
insufficient the jury’s finding that he touched the child with the intent to
arouse or gratify someone’s sexual desire. 
Indeed, the court in Smock v.
State, No. 11-03-00376, 2005 Tex. App. Lexis
3612 (Tex. App.–Eastland
May 12, 2005, no pet.) (not designated for
publication) (wherein appellant contended that the evidence was factually
insufficient to prove he had the intent to commit burglary by committing or
attempting to commit indecency with a child due to his intoxication), found the
evidence factually sufficient to support conviction even though appellant was
drunk.  Id. at *10.   And, because one’s intent may be inferred from his conduct and
words, Shamm v. State, 280 S.W.3d 271, 277 (Tex. App.–Amarillo
2007, no pet.) (involving whether the State sufficiently proved that
appellant exposed himself with the intent to arouse or gratify the sexual
desire of any person); accord, Esquivel
v. State, No. 04-06-0695-CR, 2007 Tex. App. Lexis
8640 (Tex. App.–San
Antonio October 31, 2007, pet. dism’d) (not
designated for publication) (stating that the specific intent to arouse or
gratify the sexual desire of any person can be inferred from the defendant’s
conduct, remarks and the surrounding circumstances), the jury was entitled to
conclude that appellant had the requisite specific intent to arouse and gratify
his sexual desire from the evidence that he approached the child in her
backyard at night, slipped his hands under her clothes and touched both her
genitalia and buttocks.  Such a
conclusion is not supported by weak evidence. 
Nor is it manifestly unjust simply because appellant also may have been
drunk. 

The
judgment of the trial court is affirmed.

 

                                                                        Brian
Quinn

                                                                        Chief
Justice

Do
not publish.