NO. 07-11-00293-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 27, 2012

_____

NELSON WALTER MEYERS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 60,306-A; HONORABLE DAN L. SCHAAP, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Nelson Walter Meyers, appeals his conviction for indecency with a child by sexual contact[1] and the resulting eight-year sentence. On appeal, he challenges only the sufficiency of the evidence to establish the requisite intent to arouse or gratify sexual desires. We will affirm.

Factual and Procedural History

Appellant and his ex-wife had two children during the course of their marriage, one of them was S.M. Following their contentious divorce and legal actions taken in

_____

[1] See TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011).

connection with the ex-wife's concerns related to bathing and sleeping arrangements for the children when in their father's care, appellant was twice convicted of harassment of his ex-wife. As a result of said convictions and attendant protective orders, appellant's previous, standard visitation with his children ceased. The last time his children saw him was in 2006; S.M. was four years old.

S.M. was nine at the time of trial and testified that, on that last visit with her father, her father called her into his bedroom. He was nude and guided S.M.'s hand to touch his "weeny." As he did this, he explained to S.M. that this is how "dadd[ies] love their little girls." He warned S.M. that if she told anyone about the encounter, she would be in trouble. Only when S.M. went to visit a maternal great-aunt in Vermont three years later—when S.M. was seven years old—did she reveal to her great-aunt that this encounter had occurred. The great-aunt shared the information with S.M.'s mother, and S.M.'s mother contacted police. Ultimately, appellant was arrested and charged with indecency with a child.

A Potter County jury heard the evidence, including appellant's own testimony in his defense, and found appellant guilty of indecency with S.M. by sexual contact. The trial court assessed punishment at eight years' imprisonment. Appellant appeals said conviction, challenging the sufficiency of the evidence that he acted with the requisite intent. We will affirm.

## Standard of Review

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could

2

have found the essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Brooks v. State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010).  "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction."  Brooks, 323 S.W.3d at 917 (Cochran, J., concurring).  We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by Jackson."  Id. When reviewing all of the evidence under the Jackson standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding.  See id. at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in Watson v. State, 204 S.W.3d 404, 448–50 (Tex.Crim.App. 2006), as outlining the proper application of a single evidentiary standard of review).  "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony."  Id. at 899.

Applicable Law and Analysis

Appellant was convicted of indecency with a child by sexual contact.  See TEX. PENAL CODE ANN. § 21.11(a)(1).  As relevant to the facts of the case at bar, "sexual contact" means any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person with the intent to arouse or gratify the sexual desire of any person.  Id. § 21.11(c)(2).  Appellant acknowledges that, though the evidence is disputed, the record contains sufficient

3

evidence that S.M.'s hand did come in contact with appellant's "weeny." That said, he challenges only the sufficiency of the evidence of intent to arouse or gratify the sexual desire of any person. See id.

When called on to prove the offense of indecency with a child by sexual contact, the State is not required to prove that appellant was actually aroused; the offense only requires that the alleged act be committed with the intent to arouse or gratify the sexual desire of any person. See Shamam v. State, 280 S.W.3d 271, 278 (Tex.App.—Amarillo 2007, no pet.). Intent may be inferred from acts, words, and conduct of the accused. Hernandez v. State, 819 S.W.2d 806, 810 (Tex.Crim.App. 1991) (en banc); Shamam, 280 S.W.3d at 278. The accused's conduct following the incident is also relevant to the issue of intent. See Couchman v. State, 3 S.W.3d 155, 163–64 (Tex.App.—Fort Worth 1999, pet. ref'd).

We conclude that a rational jury could have inferred from appellant's act, in conjunction with both his statement regarding how "dadd[ies] love their little girls" and his admonition to S.M. to remain silent about the incident or else risk getting into trouble, that appellant intended to arouse or gratify his sexual desires. See Montgomery v. State, 810 S.W.2d 372, 396 (Tex.Crim.App. 1991) (en banc) (op. on reh'g) (concluding that appellant's instructions to victims "not to reveal the event to anyone shows a consciousness of wrongdoing which in turn leads to an inference that when he touched the children as he did, appellant harbored a specific intent to arouse and gratify his own sexual desire"); Bousquet v. State, No. 01-02-01209-CR, 2003 Tex. App. LEXIS 8553, at *7 (Tex.App.—Houston [1st Dist.] Oct. 2, 2003, pet. ref'd) (mem.

4

op.) (concluding that appellant's threat to harm complainant and his mother "if complainant ever told anyone what happened shows a consciousness of guilt which leads to an inference that, when appellant touched complainant, appellant had the specific intent to arouse and gratify his own sexual desire").

Viewing the record evidence in the light most favorable to the verdict, we conclude that a rational jury could have found beyond a reasonable doubt the essential element of intent to arouse or gratify sexual desire.  See Jackson, 443 U.S. at 319; see also TEX. PENAL CODE ANN. § 21.11(c)(2).  The evidence was sufficient to support the jury's verdict.  Accordingly, we overrule appellant's sole issue on appeal.

Conclusion

Having overruled appellant's sole point of error, we affirm the trial court's judgment of conviction.

Mackey K. Hancock
Justice

Do not publish.