**Opinion issued March 28, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00143-CR

## NO. 01-12-00144-CR

_____

**OSCAR GARCIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from County Criminal Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case Nos. 1455269 & 1455271**

---

**MEMORANDUM OPINION**

A jury found appellant Oscar Garcia guilty of two separate misdemeanor offenses of indecent exposure. Appellant was sentenced to 120 days in jail for

each offense, with the sentences to run concurrently. On appeal, appellant raises one issue contending that the evidence was insufficient to support his conviction.

We affirm.

## Background

In May 2007, high school student A.P. worked at a snow cone shop. The shop had a drive-through window where a customer could purchase snow cones from his car. When serving a customer from the window, the shop employee can see into the customer's vehicle.

In early May 2007, A.P. was working alone at the snow cone shop. Appellant pulled up to the drive-through window in a truck. A.P. recognized him as a regular customer. A.P. took appellant's order. When she returned to the window with appellant's snow cone and change, A.P. saw that appellant, who was still in his truck, had taken his penis out, and she saw that it was erect. A.P. gave appellant his snow cone and change; she then closed the window.

On May 15, 2007, A.P. was again working alone at the snow cone shop when appellant returned. This time appellant was driving a green car. When she approached the window, A.P. recognized appellant and refused him service. A.P. called the police. The police made a report but no arrest was made at that time.

On May 20, 2007, appellant returned to the snow cone shop. He again drove up to the window in a green car. At the time, high school students G.R. and F.H.

were working. G.R. and F.H. had been warned about appellant and knew to keep a look out for a green car.

F.H. went near the window, but it was G.R. who handed appellant his snow cone and change. G.R. noticed that appellant was smirking and looking down below his waist at his genital area. G.R. observed that appellant was not wearing any pants. He was wearing only a white t-shirt. The girls wrote down appellant's license plate number. Appellant left quickly, driving over the grass and almost hitting a sign. The girls called the police. About 15 minutes later, Deputy R. Montes with the Harris County Sheriff's Department arrived. He had also been the officer who had responded the previous week to A.P.'s call.

Deputy Montes learned that the license plate number belonged to a green car owned by appellant's wife. The officer went to appellant's home where he saw appellant next to a green car bearing the same license plate number as had been provided by G.R. and F.H.. Appellant matched the description of the man given by the girls. Appellant was detained and placed in the back of a patrol car.

In the meantime, G.R. and F.H. had contacted A.P. and told her to come to the shop. The police drove appellant back to the snow cone shop where the three girls identified appellant as the man that each had seen in the drive through wearing no pants.

3

Appellant was charged in two separate informations with indecent exposure. In the first information, associated with trial court cause number 1455269, G.R. is listed as the complainant. The second information, associated with trial court cause number 1455271, names A.P. as the complainant.

The cases were tried together to a jury. A.P., G.R., and F.H. testified at trial. Each testified that she had seen appellant at the snow cone shop on the day of the alleged offenses wearing no pants. A.P. testified that she had seen appellant's exposed, erect penis. G.R. also indicated in her testimony that she had seen appellant's penis. Although she had not seen appellant's penis, F.H. testified that appellant was wearing no pants and no underwear.

G.R. testified that, when he was looking at her, appellant had a smirk on his face. She stated that appellant was looking at her and then looking down at his genital area, indicating that he wanted her to look there. At trial, each girl again identified appellant as the man each had seen at the snow cone shop wearing no pants.

Deputy Montes also testified. In describing the events surrounding appellant's detention and arrest, the deputy stated that appellant had admitted to being at the snow cone shop that same day but denied exposing himself.

Appellant testified in his own defense at trial. He stated that he never told Deputy Montes that he had been at the snow cone shop earlier that day. He

4

testified that he had been at home working on a car at the time G.R. and F.H. said he was at the shop. Appellant testified that he had never gone through the drive through wearing no pants and had not exposed himself to the girls.

Appellant also offered the testimony of a number of witnesses, including family members, a friend, and a neighbor. They each provided testimony to support appellant's claim that he was at home at the time of the incident.

After hearing all of the evidence, the jury found appellant guilty of two misdemeanor offenses of indecent exposure. The trial court sentenced appellant to 120 days in jail, to be served concurrently. These appeals followed.

## Sufficiency of the Evidence

Appellant identifies one issue in his briefing. We construe the issue to be a challenge to the sufficiency of the evidence supporting the judgment in each appellate cause.[1]

---

[1] Appellant has filed one brief bearing both appellate cause numbers. Trial court cause number 1455269, in which G.R. is the complainant, corresponds to appellate cause number 01–12–00143–CR. Trial court cause number 1455271, in which A.P. is the complainant, corresponds to appellate cause number 01–12–00144–CR. In the brief, appellant expressly challenges the sufficiency of the evidence to support his conviction in appellate cause number 01–12–00143–CR. Appellant also discusses the elements of the offense and the evidence with respect to the indecent exposure offense for which he was convicted in appellate cause number 01–12–00144–CR. We liberally construe appellant's brief to raise a sufficiency of the evidence challenge to the judgment of conviction in each appellate cause. *See* TEX. R. APP. P. 38.9 (supporting liberal construction of briefs because briefs "are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case, [thus] substantial compliance with [briefing rules] is sufficient . . . .").

5

## A.      Standard of Review

This Court reviews sufficiency-of-the-evidence challenges applying the same standard of review, regardless of whether an appellant presents the challenge as a legal or a factual sufficiency challenge. *See Ervin v. State*, 331 S.W.3d 49, 53–55 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (construing majority holding of *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)). This standard of review is the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). *See id.* Pursuant to this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We can hold evidence to be insufficient under the *Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786, 2789 n.11, 2789; *see also Laster*, 275 S.W.3d at 518; *Williams*, 235 S.W.3d at 750.

The sufficiency-of-the-evidence standard gives full play to the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). An appellate court presumes that the fact finder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

In viewing the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778. Finally, "[e]ach fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

**B.  Analysis**

**1.  *Exposure Element***

In Appellate Cause No. 01–12–00143–CR (Trial Court Cause No. 1455269), appellant contends that the evidence was insufficient to show that he exposed his genitals because the evidence does not show that either G.R. or F.H. saw his penis. Under Penal Code Section 21.08, a person commits the offense of indecent

exposure if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act. TEX. PENAL CODE ANN. § 21.08 (Vernon 2011).

The information in Appellate Cause No. 01–12–00143–CR provides as follows:

> [O]n or about May 20, 2007, [appellant] did then and there unlawfully expose his genitals to [G.R.] with intent to arouse and gratify the sexual desire of [appellant], and [appellant] was reckless about whether another person was present who would be offended and alarmed by the act, to-wit: [appellant] was in a vehicle and exposed his genitals while at a drive thru [sic] window.

G.R. indicated in her testimony that she saw appellant's penis. G.R. gave the following testimony on direct examination by the State:

Q. [D]o you remember what he was wearing?

A. Just a white tee shirt.

Q. Did he have any pants on?

A. No, ma'am.

Q. And when he came up, he drove up?

A. Through the drive-through.

Q. Okay. And when was the first time that you noticed that he only had a tee shirt on?

A. He looked at me, and he looked down—

8

Q. Okay.

A.—whenever he asked me for a snow cone—whenever I gave him his snow cone and was going to take the money.

Q. Okay. And so you went to hand him his snow cone and his change?

A. Uh-huh.

Q. All right. Then can you kind of explain to us what he did? You said he looked at you?

A. Yes, ma'am.

Q. Did he look at you normal?

A. Like a—with a smirk on his face.

Q. All right. Then after he looked at you, where did he look?

A. Down, below his—like, below his waist, down there, I guess.

Q. And, like, in his—the area where his genitals are?

A. Yes, ma'am.

Q. Okay. And did—do you remember if he spread his legs or anything?

A. The way he looked—the way somebody drives, I guess. Like, your legs [have] to be open a little bit.

Q. All right. And then how—were you able to tell that he was—what was he gesturing with his eyes for you to look at?

. . . .

A. I have no idea. Like, I felt like that he was—I don't know. Like, for me to look at him down there. I don't know.

Q. So he wanted—you think he wanted you to look at his penis?

A. Yes.

Q. All right. Did you look?

A. Yes.

Q. All right. And was he—there any question in your mind there was anything there other than his penis?

A. Excuse me?

Q. Did you think—did you see anything else besides his penis?

A. No.

Q. And he had no other clothes on except for that white tee shirt?

A. The white tee shirt.

G.R.'s testimony indicating that she had not seen anything other than appellant's penis was evidence that she saw appellant's genitals. Other evidence also indicated that appellant exposed his penis. Both G.R. and F.H. testified that appellant was not wearing any pants. They each testified that he was wearing only a white t-shirt. Although she indicated that she could not actually see appellant's penis because he had it "somewhat covered up," F.H. was clear in her testimony that appellant was not wearing pants or any underwear. In addition, G.R. testified that appellant gestured with his eyes for her to look at his genitals. From the evidence, the jury could have determined that appellant exposed his genitals.

10

In Appellate Cause No. 01–12–00144–CR (Trial Court Cause No. 1455271), the allegations contained in the information are the same as those contained in Trial Court Cause No. 1455269. The only difference is that A.P. is the named complainant in Trial Court Cause No. 1455271. In that case, A.P. unequivocally testified that she saw appellant's penis while he was at the drive-through window. Thus, with respect to the offense in that case, the jury heard direct evidence that appellant exposed his genitals.

### 2. *Intent to Arouse or Gratify*

In Appellate Cause No. 01–12–00143–CR (Trial Court Cause No. 1455269), appellant contends that the evidence is insufficient to show that he exposed himself with the intent to arouse or gratify any person. He points out that neither G.R. nor F.H. testified that she saw the "condition" of his penis; in other words, neither girl testified that she saw that appellant's penis was erect. Appellant also asserts, "[T]here was no evidence presented of, or testimony from [G.R. or F.H.], regarding masturbation, actions consistent with masturbation, actions consistent with sexual arousal or gratification, peculiar sounds made by Appellant, possession of sexual aides, or that the alleged exposure was sexually motivated."

Under the language of Penal Code section 21.08, and the allegations made in the information, the State was not required to prove that appellant was actually aroused or that appellant actually gratified his sexual desire. *See* TEX. PENAL CODE

11

ANN. § 21.08. Rather, the State was required only to prove that appellant exposed his penis with the intent to arouse and gratify his sexual desire. *See id.*; *Shamam v. State*, 280 S.W.3d 271, 278 (Tex. App.—Amarillo 2007, no pet.) (rejecting appellant's argument that there was no express evidence that either he or the complainant were aroused or gratified by appellant's indecent exposure because "the offense requires that the exposure occurs *with intent* to arouse or gratify the sexual desire of any person"); *see also Gregory v. State*, 56 S.W.3d 164, 171 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd) (concluding, in prosecution for indecency with a child case, that appellant's argument pointing to lack of evidence showing that appellant's penis was erect, that appellant masturbated, or that he ejaculated during any of the encounters with the complainants was without merit because intent element of the offense did not require the State to prove that the "male offender's penis be erect"); *Rodriguez v. State*, 24 S.W.3d 499, 502 (Tex. App.—Corpus Christi 2000, pet. ref'd) (quoting *Caballero v. State*, 927 S.W.2d 128, 130–31 Tex. App.—El Paso 1996, pet. ref'd) ("The indecency [with a child] offense includes the requirement of 'intent to arouse or gratify the sexual desire'. . . . The offense, however, does not require that the arousal or gratification actually occur.")).

It is well established that the requisite specific intent to arouse or to gratify the sexual desire of any person can be inferred from an accused's conduct,

12

remarks, and all surrounding circumstances. *See Turner v. State*, 600 S.W.2d 927, 929 (Tex. Crim. App. [Panel Op.] 1980); *Martins v. State*, 52 S.W.3d 459, 474 (Tex. App.—Corpus Christi 2001, no pet.). With respect to the offense in No. 01–12–00143–CR, the evidence showed that appellant drove, without pants or underwear, to the drive through at the snow cone shop. Testimony showed that whoever was working at the window could see into the customer's vehicle.

The evidence established that appellant exposed himself while two teenage girls, F.H. and G.R., were working at the drive through. Appellant had also exposed himself earlier that month to high school junior, A.P., at the drive through window. Significantly, G.R. testified that, when she brought his snow cone and change to the window, appellant looked at her with a smirk on his face and gestured with his eyes for her to look at his genitals. Given these circumstances, we conclude that, with respect to the offense in No. 01–12–00143–CR (Trial Court Cause No. 1455269), a rational jury could have justifiably inferred that appellant's intent was to gratify his own sexual desire.

In Appellate Cause No. 01–12–00144–CR (Trial Court Cause No. 1455271), A.P. testified she saw that appellant's penis was erect. From this, the jury could have determined that appellant exposed himself with the intent to arouse or to gratify his own sexual desire. *See* TEX. PENAL CODE ANN. § 21.08.

13

Viewing all the evidence in the light most favorable to the jury verdicts, we conclude that a rational fact finder could have found, beyond a reasonable doubt, all of the essential elements of the charged offense of indecent exposure in each case. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. We hold that the evidence is sufficient to support the judgments of conviction.

We overrule appellant's sole issue in each appeal.

## Conclusion

We affirm the judgment in each appellate cause.


Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).

14