

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-12-0037-CR

———————————————

Charles Cleveland Nowden, Appellant

v.

The State of Texas, Appellee

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1182411D, Honorable Everett Young, Presiding

April 11, 2013

## MEMORANDUM OPINION

### Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Charles Cleveland Nowden was convicted of possession with intent to pass a forged government document (money) and sentenced to eighty years confinement. Prior to trial, appellant sought and was granted the right to represent himself. He complains on appeal that the trial court erred in 1) permitting him to waive his right to counsel because he was inadequately admonished, 2) failing to permit him to withdraw

his waiver of the right to counsel, and 3) denying his motion for new trial on those same issues. We affirm the judgment.

Appellant was originally represented by retained counsel. On October 18, 2011, he filed a Motion to Proceed Pro Se. A hearing was held on the motion on October 21, 2011. During that hearing, the trial court admonished appellant on the dangers of self-representation but eventually honored appellant's request. Appellant then executed a written waiver of his right to counsel. Thereafter, a hearing on pretrial matters was held on November 14, 2011, at which numerous defense motions were considered. A jury was selected the next day, a process in which appellant participated. On the morning of trial, that is November 16, appellant stated he was "going to revoke . . . [his] right to represent . . . [himself] and put Lisa Mullen[1] back on the case." At no time prior thereto did he move to continue the proceeding or otherwise ask for a postponement to allow him to prepare. Instead, he had moved for a speedy trial setting. Upon hearing the request, the trial court responded:

> If she appears, that will be great, but we're not going to delay the proceedings. You've made a decision to represent yourself. I'm not going to allow you to manipulate, delay or frustrate the system, so we're going to proceed.

Appellant then complained that he had no way to prepare a defense in jail and again stated he was revoking his waiver. The court answered: "Okay. If you want to have Ms. Mullen come and represent you, that's fine, but we're not going to delay further proceedings, okay?" Appellant then proceeded to represent himself throughout the trial. However, he filed a motion for new trial through retained counsel, alleging the trial court did not properly admonish him, his waiver was not clear and unequivocal, and the trial

---

[1]Lisa Mullen was appellant's prior retained counsel.

2

court should have provided him standby counsel. After a hearing, the trial court denied the motion.

*Waiver of Right to Counsel*

Appellant first argues that the trial court did not properly admonish him before allowing him to waive his right to counsel. According to appellant, these admonishments should have included the fact that because he was incarcerated, there would be restrictions on his access to discovery in the case, that the discovery was voluminous, and that there might be insufficient time to review it. We overrule the issue.

Although a defendant has the right to assistance of counsel, that right may be waived. *Faretta v. California,* 422 U.S. 806, 834-35, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). For a waiver to be valid, 1) it must be intelligently and knowingly made, and 2) the party waiving it must be made aware of the dangers and disadvantages of self-representation. *Cerf v. State,* 366 S.W.3d 778, 783 (Tex. App.–Amarillo 2012, no pet.). This obligates the trial court to ". . . make an inquiry, evidenced by the record, which shows that the defendant has sufficient intelligence to demonstrate a capacity to waive his right to counsel and the ability to appreciate the practical disadvantage he will confront in representing himself." *Manley v. State,* 23 S.W.3d 172, 173-74 (Tex. App.–Waco 2000, pet. ref'd).

Here, the record discloses that the trial court informed appellant 1) of the charges against him and the range of punishment if enhanced, 2) that he would be treated no differently from an attorney, 3) that he would have to follow all of the Rules of Procedure, the Penal Code, the statutes, the Constitution, and applicable rules, 4) that he would have to follow rules to preserve any error in his case, 5) that attorneys have

3

specific training in the laws, 6) that his self-representation could result in a conviction, 7) that a jury decides any factual issues, 8) that the charge against him was a third degree felony if there was no enhancement, 9) that he might not have the experience or level of training to properly object or preserve error, 10) that the court believed it would be a mistake for appellant to represent himself, 11) that the court knew of several instances when persons who represented themselves received long sentences and later regretted self-representation, and 12) that he had the right to appointed counsel if he could not afford to hire one. With this knowledge, appellant continued to insist on representing himself. The trial court also determined that appellant had a high school education, that he could read and write, that he could afford to hire an attorney, that he had never had any mental or competency issues, that appellant believed he could become familiar with the Penal Code and understand the law, that appellant had previously "[k]inda sorta" represented himself in a federal court proceeding, and that appellant was not being "tricked" into making his decision. The record reflects that appellant's waiver was intelligently and knowingly made. *See Shaman v. State,* 280 S.W.3d 271, 274 (Tex. App.–Amarillo 2007, no pet.) (stating that the waiver was made intelligently and knowingly when 1) the trial court inquired into the defendant's education and his ability to read and write, 2) the defendant had previously represented himself in a civil eviction action, and 3) the trial court informed him of his right to counsel, the charges against him, the possible maximum sentence, some of the ways that a sentence of incarceration could affect his life, that he would be required to abide by the rules of evidence and procedure and that he would not be granted special consideration because he lacked training in the law).

4

As to the failure to admonish appellant that he would have difficulty in preparing for trial due to his incarceration, the record reflects that the State held a meeting with appellant at which time appellant was permitted to review the State's file and take notes if he wished.[2] Moreover, at a pretrial hearing, the State made other documents available for review by appellant and represented that all documents would be available for appellant's use at trial. Though appellant was not permitted to take copies of most of the documents to his jail cell for use because the State's policy prevented its documents from being taken into jail or prison facilities, he again did not move for a continuance to further prepare. And, though appellant complained to the court that there were more than 700 pages of documents for him to review in several hours, many of those documents pertained to three other pending charges against him and not the current charge.[3]

It is true that a defendant must be generally aware of the practical disadvantages of self-representation. *Johnson v. State,* 760 S.W.2d 277, 279 (Tex. Crim. App. 1988). Yet, appellant cites us to no authority that the trial court was required to know and inform him about the amount of discovery materials involved in the case or about every possible obstacle he might encounter in preparing a defense due to his incarceration. *See Shaman v. State,* 280 S.W.3d at 275 (holding that the validity of a waiver of counsel was not dependent upon the trial court's ability to foresee the complete ramifications that a conviction for the offense might have).

---

[2]Appellant executed a form certifying that on November 2, 2011, he viewed 1) the State's witness list and extraneous offense notice, and 2) the offense report for this case as well as the offense reports and warrants for his other pending cases.

[3]The record does not reflect how many of the State's documents pertained to the offense which was the subject of this trial.

*Revocation of Right of Self-Representation*

Next, appellant argues the trial court erred in not allowing him to revoke his right of self-representation. We overrule the issue.

A defendant may withdraw a waiver of the right to counsel at any time. TEX. CODE CRIM. PROC. ANN. art. 1.051(h) (West Supp. 2012). And, while appellant said, the morning of trial and after jury selection, that ". . . I'm going to revoke my right to represent myself and put Lisa Mullen back on the case," it must be remembered that the trial court stated it would be "great" if his counsel appeared. That, at the very least acknowledged and accepted the revocation of his waiver. It simply opted not to delay the proceedings given appellant's timing of his utterance. Furthermore, we are cited to no authority requiring it to so delay the trial on the morning of its commencement and after the jury was selected. Indeed, statute vests the trial court with discretion to continue the trial for ten days. *Id.* We cannot say that its discretion was abused under the circumstances before it. *See Williams v. State,* 356 S.W.3d 508, 521 (Tex. App.–Texarkana 2011, pet. ref'd) (holding that when the defendant sought to substitute retained counsel for appointed counsel at a pretrial hearing and retained counsel stated he could not be ready for trial, the court was not required to delay the proceedings to accommodate the tardy decision to retain counsel when the trial court did not bar retained counsel from participating).

And, to the extent that appellant also argues on appeal that the trial court should have appointed standby counsel or an investigator to assist him with discovery, appellant requested neither. Moreover, there is no absolute right to standby counsel even if the defendant is indigent. *Hathorn v. State,* 848 S.W.2d 101, 123 n.12 (Tex.

Crim. App. 1992); *Kane v. State,* 80 S.W.3d 693, 695 (Tex. App.–Fort Worth 2002, pet. ref'd).  Here, appellant was not even indigent.

*Denial of Motion for New Trial*

As for his complaint about his motion for new trial being denied him, appellant has offered no separate argument with respect to it.  Instead, we construe the matter to encompass the substance of his first two issues.  Since we overruled them, we overule this one as well.

Accordingly, the judgment of the trial court is affirmed.


Per Curiam

Do not publish.