Opinion filed July 2, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00194-CR

_____

### JOHN HAMILTON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**
**Ector County, Texas**
**Trial Court Cause No. 12-2697**

## M E M O R A N D U M   O P I N I O N

After a mistrial, a second jury convicted John Hamilton of the offense of indecent exposure. He elected to have the trial court assess punishment, and it assessed punishment at confinement for 180 days in the county jail, probated for one year. The trial court then sentenced Appellant, suspended the sentence for one year, and placed him on community supervision. Appellant argues, in his sole

issue, that the evidence was insufficient to convict him of the offense of indecent exposure. We affirm.

## I. *The Charged Offense*

The county attorney charged Appellant, by information, with indecent exposure.[1] The information outlined that Appellant, with the intent to gratify his sexual desire, exposed his genitals—his penis—to Sherri Downing; that he did so recklessly as to whether Downing was present and would be offended or alarmed by his act; and that she was both offended and alarmed by his act. A person commits the offense of indecent exposure if he exposes his anus or any part of his genitals with the intent to arouse or gratify the sexual desire of any person and if he is reckless about whether another is present who will be offended or alarmed by his act. PENAL § 21.08(a); *Asemota v. State*, 996 S.W.2d 322, 324 (Tex. App.—Houston [14th Dist.] 1999, no pet.). This offense is a Class B misdemeanor and may be punished by confinement for not more than 180 days in the county jail or a fine not to exceed $2,000 or both. PENAL §§ 12.22, 21.08(b). Appellant pleaded not guilty and proceeded to trial.

## II. *Evidence at Trial*

Downing, Sheila Rowe, and Opal Jean Hamilton all lived at the Disciples Village apartment complex, a senior citizens' facility in Odessa. Hamilton is Appellant's mother; she lived in a first floor apartment. Downing and Rowe, who are sisters, lived in adjacent apartments on the second floor. Hamilton, Rowe, Downing, and Appellant all knew each other; Downing said she first met Appellant when he came by her apartment to get a power pack for a camcorder. Downing, who had health issues that included macular degeneration and polyneuropathy, testified that Appellant knocked on the door of her apartment one day, came in and spoke to her, and then locked the door. Appellant pulled up his shirt to show off

---

[1]TEX. PENAL CODE ANN. § 21.08 (West 2011).

his abdominal muscles, and then he pulled down his pants, exposed his genitals, and masturbated in front of her. She thought he was about to rape her. Downing said that Rowe came into the apartment and saw Appellant and that Appellant walked into the bathroom with his pants around his ankles and still had ahold of his penis. Rowe had a key to Downing's apartment and had used it to open the door. Rowe saw Appellant go into the bathroom with his "p---k" in his hand.

After Appellant went into the bathroom, he continued to masturbate with the bathroom door open. Downing testified that Appellant's penis was uncircumcised. Rowe and Downing said Appellant came out of the bathroom a few minutes later, and Rowe said he took some candy from the candy jar and left the apartment. Downing was upset and nervous, had chest pains, and thought she was about to have a "heart attack." After the incident, Downing was scared to death of Appellant. Rowe thought her sister was about to have a "heart attack." Downing and another sister, Roxie, went to the police station two days later to report the incident to the police.

Felicia Ross was the manager of the apartment complex. She testified there had been several complaints about Appellant because he was not a resident of the apartments but spent a lot of time at his mother's apartment and stayed overnight. His mother could have overnight visitors if she gave the complex prior notice, which never occurred. Ross learned of the incident in Downing's apartment from Downing, and Ross told her to report it to the police.

Mario Baeza, a detective with the Odessa Police Department interviewed Rowe and Downing and secured two arrest warrants for Appellant: one for indecent exposure and one for criminal trespass. Detective Baeza interviewed Appellant at the police station after Appellant's arrest, and the interview was recorded. The recording was played for the jury; Appellant did not testify. In the interview, Appellant initially denied Rowe's and Downing's account of what

3

happened and said that he "did not do that," that "it didn't happen," and that they were "making it up." Appellant described the situation as "foolishness" because Downing had complained to him about another man who had exposed himself.

Later in the interview, Appellant commented that he had multiple sclerosis, which caused him to have to urinate frequently with little or no warning. Appellant said in the interview that, while in Downing's apartment, he had to urinate and that, on his way to the bathroom, he unzipped his pants. He said Downing may have seen his penis—"something like that" or "it could have happened." When asked if he had exposed himself and masturbated in front of Downing, he denied it.

Hamilton testified that she used to live at Disciples Village but had been evicted. Hamilton said that several relatives had stayed over at her apartment and that her son frequently visited her. She knew Rowe and Downing, as did Appellant. Hamilton said her son was circumcised.

### III. *Standard of Review*

We apply the sufficiency standard from *Jackson* and its progeny to Appellant's sufficiency issue. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Brooks v. State*, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). We review all of the evidence in the light most favorable to the jury's verdict and decide whether any rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The trier of fact holds the responsibility to resolve conflicts in the testimony fairly, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Hooper*, 214 S.W.3d at 13. We resolve

inconsistencies in the testimony in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

IV. *Discussion and Analysis*

Appellant argues in a single issue that the evidence is insufficient to convict him of indecent exposure because he denied the conduct during his interview with Detective Baeza and because he lacked the culpable mental state and requisite *mens rea*. He also argues that Rowe and Downing were untruthful and had reasons to fabricate their stories. The State must have proved beyond a reasonable doubt that Appellant exposed his genitals to Downing with the intent to arouse or gratify his sexual desire and that he was reckless about whether she was present and would be offended and alarmed by his act. PENAL § 21.08(a).

As to the intent to arouse or gratify, intent may be inferred from acts, words, and conduct of the accused. *Shamam v. State*, 280 S.W.3d 271, 277 (Tex. App.—Amarillo 2007, no pet.) (citing *Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991)); *see also Green v. State*, No. 11-04-00094-CR, 2004 WL 2915076, at *2 (Tex. App.—Eastland Dec. 2, 2004, pet. ref'd) (not designated for publication). Downing testified that Appellant came into her apartment, locked the door, pulled up his shirt to show off his abdominal muscles, pulled down his pants, exposed his genitals, and masturbated in front of her with what she described as a "glassy grin." She saw his penis. After Rowe came into the apartment and saw Appellant with his penis in his hand, Appellant went into the bathroom, but Appellant left the door open and continued to masturbate. The testimony of Downing and Rowe is sufficient to satisfy the intent element. *See Shamam*, 280 S.W.3d at 277.

After Appellant was arrested, he initially denied Rowe's and Downing's account of what happened. He later said that he had to urinate and that, on his way

to the bathroom in Downing's apartment, he unzipped his pants. He said Downing may have seen his penis—"something like that" or "it could have happened." The evidence was disputed. The jury resolved those disputes against Appellant, and we resolve inconsistencies in testimony in favor of the verdict. *See Jackson*, 443 U.S. at 319; *Hooper*, 214 S.W.3d at 13; *Curry*, 30 S.W.3d at 406.

We have reviewed the evidence in the light most favorable to the verdict and have determined, based on that evidence and any reasonable inferences from it, that a rational jury could have found all of the essential elements of the offense of indecent exposure beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Isassi*, 330 S.W.3d at 638. We hold there was sufficient evidence for a rational jury to convict Appellant of indecent exposure. We overrule Appellant's sole issue.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

July 2, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

6