

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00078-CR
_____

**RICKY MEALS, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. A20851-1807; Honorable Kregg Hukill, Presiding

March 23, 2020

**OPINION**

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Following a plea of not guilty, Appellant, Ricky Meals, was convicted by a jury of tampering with evidence ("a controlled substance, namely cocaine"), by concealment, with intent to impair its availability as evidence in an investigation, a third degree felony.[1]

---

[1] TEX. PENAL CODE ANN. § 37.09(a)(1), (c) (West 2016). An offense under this section is a third degree felony.

In that same jury trial, Appellant was also found "not guilty" of possession of a controlled substance (namely, the same 0.87 grams of cocaine allegedly tampered with).[2] The range of punishment for Appellant's tampering conviction was enhanced by a prior final felony conviction, thereby increasing the range of punishment from that of a third degree felony to that of a second degree felony.[3] The jury assessed his sentence at the maximum period of confinement authorized—twenty years. Appellant timely filed a notice of appeal challenging his conviction. Four days later, the State filed its notice of appeal challenging the trial court's failure to submit a double-enhanced felony range of punishment instruction (with a twenty-five year minimum sentence) under the habitual offender statute in accordance with its amended notice.[4]

The State filed its merits brief before Appellant filed his. In its brief, the State contends the trial court erred in refusing to include its amended notice in the punishment charge which resulted in an "illegal sentence" that is appealable by the State pursuant to article 44.01(b) of the Texas Code of Criminal Procedure. Appellant challenges the State's right to appeal on this basis, contending that the sentence is not an "illegal sentence."

---

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D); § 481.115(a) (West 2017 & Supp. 2019). Possession of less than one gram of cocaine is a state jail felony. *Id.* at § 481.115(b).

[3] TEX. PENAL CODE ANN. § 12.42(a) (West 2019). The range of punishment for a third degree felony is two to ten years confinement while the range of punishment for a second degree felony is two to twenty years confinement. *Id.* at §§ 12.33, 12.34 (West 2019). Both statutes authorize a fine up to $10,000.

[4] TEX. PENAL CODE ANN. § 12.42(d) (West 2019). The range of punishment under the double-enhanced habitual offender statute is twenty-five to ninety-nine years confinement. This provision does not authorize the assessment of a fine.

2

Approximately one month later, Appellant filed his merits brief presenting two issues. First, he directs this court to a clerical error in the summary portion of the judgment that reflects an incorrect "Statute for Offense" for the offense of tampering with evidence. Secondly, Appellant challenges the sufficiency of the evidence to support his conviction for tampering with evidence.

After filing his merits brief, Appellant filed a response to the State's merits brief arguing that his sentence was not illegal and therefore could not be appealed by the State under article 44.01(b). Appellant also maintained there was no error by the trial court in its submission of the punishment charge to the jury.

In answering Appellant's merits brief, the State then filed a response agreeing with Appellant that a clerical error in the judgment should be reformed and also raising a cross-issue on its limited right of appeal under article 44.01(c) of the Texas Code of Criminal Procedure. Article 44.01(c) provides "[t]he state is entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment." TEX. CODE CRIM. PROC. ANN. art. 44.01(c) (West 2018). The State reasons that because it is raising a question of law in its brief and Appellant has appealed, then the State is authorized to raise its issue under this provision.

Based on the arguments presented by both sides to be fully developed herein, we find that both Appellant's and the State's issues are properly before this court. We further find that the evidence is legally insufficient to support the jury's verdict as to the offense of tampering with evidence and we reverse that judgment. Based on the principles announced in *Bowen v. State*, 374 S.W.3d 427 (Tex. Crim. App. 2012), we reform the

3

judgment to reflect a conviction for the lesser-included offense of *attempted* tampering with evidence, a state jail felony,[5] and we remand this matter to the trial court to conduct a new punishment hearing.[6] Because we also agree with the State that the trial court erred in refusing to submit its amended double-enhancement notice, upon a new punishment hearing, the jury shall be appropriately instructed according to the notice given and the evidence presented.[7]

### BACKGROUND

Late at night on February 9, 2018, Hale County Sheriff's Deputy Willy Rodriguez and his partner, Deputy Jan Espinosa, observed a blue van in violation of statutory license tag laws. The van was swerving in and out of its lane. Both deputies also observed the driver throw a cigarette butt out of the driver's side window. Deputy Rodriguez then activated the emergency lights of his patrol vehicle and stopped the van. The driver of the van, identified as Appellant, then exited the vehicle and he was patted down for officer safety reasons. No contraband was found on Appellant's person.

---

[5] TEX. PENAL CODE ANN. § 15.01(a) (West 2019). Under the facts of the underlying case, an attempted offense is punishable one category lower than the offense attempted. *Id.* at § 15.01(d). Because the offense of tampering with evidence is a third degree felony, the offense of attempted tampering with evidence is a state jail felony.

[6] Ironically, Appellant could be subject to the same range of punishment on remand as he was erroneously subjected to during his first trial. This does not, however, allow us to impose the sentence originally rendered because the jury in this case made its decision based on an entirely different set of circumstances and evidence than what might be presented at a new trial. Furthermore, because such matters lie within the exclusive province of the jury, the law does not permit us to speculate as to what sentence a jury might impose if properly charged.

[7] TEX. PENAL CODE ANN. § 12.425 (West 2019). If it is shown on the trial of a state jail felony punishable under section 12.35(a) that the defendant has previously been convicted of two felonies, other than a state jail felony punishable under section 12.35(a), and the second previous felony was for an offense that occurred subsequent to the first previous felony having become final, on conviction the defendant shall be punished for a felony of the second degree.

4

While Deputy Rodriguez ran a background check on Appellant, Deputy Espinosa went to the rear of the van to note the numbers on the license tags. Deputy Rodriguez discovered Appellant did not have a valid driver's license, but he did have a previous conviction for driving with an invalid license. Deputy Rodriquez also discovered that the license tags on the van were expired. At that point, Appellant was arrested, handcuffed, placed in the back seat of the deputy's patrol vehicle, and secured with a seat belt.

While the deputies were conducting an inventory search of the van, Deputy Rodriguez noticed Appellant "moving around a lot" and he went to the patrol vehicle to investigate. When he opened the door, he saw Appellant had removed his right shoe and sock. The deputy also noticed white rocks and a small white tubular container, with its plastic red cap removed, on the floorboard underneath the seat in front of Appellant. He instructed his partner to bring a camera so he could photograph his observations. Forensic testing later established the small white rocks recovered contained 0.87 grams of a substance containing cocaine.

Appellant was subsequently indicted for "knowing that an investigation was in progress, namely a traffic stop," he did then and there "intentionally and knowingly *conceal* a controlled substance, namely cocaine, with intent to impair its availability as evidence in the investigation." (Emphasis added). In a separate case, he was also indicted for possession of the same 0.87 grams of cocaine. He entered pleas of not guilty to both charges. On the State's motion, the two cases were consolidated and simultaneously tried to a jury.

During direct examination, Deputy Rodriguez testified that when he opened the door to the patrol vehicle to investigate Appellant's movements, he "*observed* little rocks, off-white rocks, and a little white container with a red cap underneath the passenger seat."[8] (Emphasis added.) He acknowledged the rocks were "scattered about the floorboard." According to the deputy, "[t]here were some [rocks] pushed underneath the seat, close to the heating vent, and the white container was close to the rail where the bolts are for the seat." Questioning continued on whether some of the rocks had been "pushed up under the seat." Following a "yes" response, the deputy was asked, "[w]here you couldn't see [the rocks] *unless you looked*?" (Emphasis added.) The deputy again responded affirmatively. Defense counsel's objection that the question was speculative (assuming facts not in evidence) was overruled.

Deputy Espinoza testified she was conducting an inventory search of the van when Deputy Rodriguez asked her to bring a camera to the patrol vehicle. When she arrived at the patrol vehicle, Appellant stepped out and she "*saw* some rocky controlled substance next to the vent, underneath the front passenger - - seat." (Emphasis added). Her testimony continued as follows:

Q. Was [the cocaine] underneath the seat?

A. Yes.

Q. Was there some also not under the seat?

A. Yes.

Q. Like a trail?

---

[8] The deputy described the container as being approximately the size of his "pinky."

A. Yes.  And then there was, like, a white container, tube container, with a red cap.

Q. *Some of those substances*, could you not see them unless you particularly looked under the seat to look at it?

A. No, *there was* [sic] *some*.  [Whatever that means.]

(Emphasis and comment added).

At this point, without examining the officer's understanding of the term "conceals" for purposes of the offense of tampering with or fabricating physical evidence, the State's prosecuting attorney continued his long line of leading questions by asking:

Q. Were they *concealed* under the seat, I guess is what I'm asking.

A. Yes.  Yes.

(Emphasis added).

After presentation of the evidence, the jury returned a "not guilty" verdict on the possession charge but found Appellant "guilty" of the tampering with physical evidence charge.  We will address Appellant's issues and the State's cross-issue in a logical rather than sequential order.

### APPELLANT'S ISSUE TWO—SUFFICIENCY OF THE EVIDENCE

Appellant challenges the sufficiency of the evidence to support his conviction for tampering with physical evidence given that the jury acquitted him of possessing the very cocaine with which he allegedly tampered.  Alternatively, but without conceding his sufficiency argument, he suggests that we consider reforming his conviction to attempted tampering.

7

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)*. See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). We consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, any rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

We give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). Each fact need not point directly and independently to the appellant's guilt, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Id.*

Furthermore, in conducting our analysis, we compare the elements of the offense as defined by a hypothetically correct jury charge to the evidence adduced at trial. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). In our review, we must evaluate all of the evidence in the record, both direct and circumstantial and whether properly or improperly admitted. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the

record supports conflicting inferences, we presume the fact finder resolved the conflicts in favor of the prosecution and defer to that determination.  *Jackson*, 443 U.S. at 326.

Here, the State was required to prove that Appellant, knowing that an investigation or official proceeding was pending or in progress, "concealed" a controlled substance with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding.  TEX. PENAL CODE ANN. § 37.09(a)(1) (West 2016).  "Conceal" is not defined by the statute nor elsewhere in the Texas Penal Code.  This court has held that "conceal" means "to prevent disclosure or recognition of" or "to place out of sight."  *See Lujan v. State*, No. 07-09-0036-CR, 2009 Tex. App. LEXIS 7121, at *6 (Tex. App.—Amarillo Sept. 9, 2009, no pet.) (mem. op., not designated for publication).  Other courts have held that the term means to hide, to remove from sight or notice; to keep from discovery or observation.  *See Rotenberry v. State*, 245 S.W.3d 583, 588-89 (Tex. App.—Fort Worth 2007, pet. ref'd); *Hollingsworth v. State*, 15 S.W.3d 586, 595 (Tex. App.—Austin 2000, no pet.).

### ANALYSIS

The linchpin of Appellant's argument is that the evidence is not sufficient to establish he committed the offense of tampering with evidence because the jury acquitted him of the offense of possession of the very same cocaine.  Appellant reasons, for him to have tampered with the cocaine, he would have had to exercise actual care, custody, control, or management of the cocaine.  *See* TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2019).  Appellant further reasons that because the jury in the possession case found against an essential element of the tampering case (to-wit: actual care, custody,

9

control or management), then the evidence is legally insufficient to support the tampering conviction. While there is some logic in Appellant's argument, unfortunately for him, we cannot speculate as to why the jury returned its "not guilty" verdict as to the possession charge. An inconsistent verdict which might have been the result of compromise or mistake "should not be upset by appellate speculation or inquiry into such matters." *See United States v. Powell*, 469 U.S. 57, 64-67, 105 S. Ct. 471, 83 L. Ed. 2d 461 (1984). *See also Dunn v. United States*, 284 U.S. 390, 393-94, 52 S. Ct. 189, 76 L. Ed. 356 (1932) (holding that inconsistent verdicts based on the same evidence do not *ipso facto* require reversal for legal insufficiency). Even where there are apparently inconsistent verdicts, the appellate inquiry is limited to a determination of whether the evidence is legally sufficient to support the count on which a conviction was returned. *See Powell*, 469 U.S. at 64-67.[9]

As directed, we are limited to reviewing the sufficiency of the evidence to support Appellant's conviction for tampering with evidence by concealment without regard to his acquittal for possession. A recap of the evidence shows that Deputy Rodriguez initiated a traffic stop and conducted a pat-down search of Appellant. The pat-down search did not include a search of Appellant's shoes or socks (supporting an inference that the controlled substance was located in his shoe). At the time, the deputy did not find any contraband on Appellant before placing him in the back seat of the patrol vehicle. While conducting an inventory search of the van Appellant was driving, the deputy observed

---

[9] We have not found a case in which the Texas Court of Criminal Appeals has directly addressed the issue of inconsistent verdicts but it has cited *Dunn* and *Powell* favorably. *See Guthrie-Nail v. State*, 506 S.W.3d 1, 6 n.27 (Tex. Crim. App. 2015) (recognizing that the law does not bar inconsistent verdicts); *Zuniga v. State*, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).

Appellant moving about in the back seat of the patrol vehicle. Because Appellant's movements were suspicious, when Deputy Rodriguez went to investigate, he noticed that Appellant had removed his right shoe and sock.[10] At the same time, the deputy noticed small white rocks on the floorboard and underneath the passenger seat. Some of the rocks were readily visible to the deputy—while others were not visible "unless you looked."

His partner likewise testified that she "saw" some of the rocks when she took the camera to Deputy Rodriguez to photograph the evidence. Her testimony established that some of the rocks of cocaine were immediately visible, while others were visible when you looked underneath the seat. State's Exhibit 3, a photograph taken by Deputy Rodriguez, shows a small white rock of cocaine near the floor vent of the patrol vehicle, smaller white rock particles scattered across the floorboard of the patrol vehicle, and the small, white tubular container and red cap nearby. The State did not present any evidence that Appellant did anything to alter or destroy any of this evidence. At best, the State's evidence established that Appellant attempted, but failed, to hide the rocks of cocaine under the front seat.

Instead of concealing evidence, Appellant's conduct actually exposed it to the view of the deputies. Both deputies testified that some of the cocaine was readily visible and all of the cocaine was visible—if they just looked. The deputies did not have to do anything to discover the controlled substance. They did not have to remove, open, or

---

[10] Appellant's explanation for removing his right shoe and sock involved a medical issue with his toenail.

otherwise uncover anything in order to expose or reveal the evidence the State now alleges Appellant concealed—all they had to do was look.

In response to Appellant's contentions, the State wants this court to divide the evidence into two categories: (1) evidence showing the cocaine was visible and (2) evidence showing the cocaine was "concealed under the seat." While apparently conceding that some of the cocaine was visible and thus not concealed, the State wants us to focus only on that part of the cocaine that was more difficult to see, and thus (according to the State's argument) concealed. In this court's view, this parsing of the single item alleged in the indictment, to-wit: "cocaine," is problematic for several reasons.

First, even assuming the portion of the cocaine that was more difficult to see was somehow concealed, that is not the theory on which the State chose to indict or prosecute the underlying case. In a single consolidated trial, where the State accused Appellant of possessing 0.87 grams of cocaine, it also accused him of concealing the very same cocaine—all 0.87 grams. This contention forces the State to take two inconsistent positions: (1) the "cocaine" was the whole 0.87 grams for purposes of the possession offense and (2) the "cocaine" was something less than 0.87 grams for purposes of the tampering offense. Because the State did not elect to divide the cocaine into two categories until after the case was tried, the evidence, as presented, actually refutes rather than supports a conviction. The undisputed evidence is that some of the cocaine was visible. The State cannot now argue "oh, what we really meant to say was that Appellant was concealing *other* cocaine."

12

Secondly, the undisputed evidence also established that the cocaine the State contends was concealed was also clearly visible—if you only looked. Appellant did not cover it up, secrete it, flush it, bury it, hide it, cast it to the wind, or otherwise make it invisible to the unaided, ever-piercing eye of the law. In the verbiage of another common legal principle, the cocaine was in plain view—all you had to do was look. Resultantly, the evidence did not establish beyond a reasonable doubt that Appellant "concealed" the cocaine in question. *See Blanton v. State*, Nos. 05-05-01060-CR, 05-05-01061-CR, 2006 Tex. App. LEXIS 6367, at *8 (Tex. App.—Dallas July 21, 2006, pet. ref'd) (mem. op., not designated for publication); *Hollingsworth*, 15 S.W.3d at 594-95. By failing to establish concealment of the cocaine, the only item allegedly tampered with and the only form of tampering alleged in the indictment, the State failed to meet its burden of proof. Accordingly, we conclude Appellant did not commit the offense of tampering with evidence by concealment. Appellant's second issue is sustained.

Because we have sustained Appellant's second issue, and because a new judgment on remand will need to be entered, Appellant's first issue regarding the correction of a clerical error is rendered moot. *See* TEX. R. APP. P. 47.1 (written opinion of appellate court need not address issues unnecessary to final disposition of the appeal).

### REFORMATION OF JUDGMENT

The above conclusion notwithstanding, under these circumstances, we are required to consider whether Appellant could have been convicted of any lesser-included offense. *See Thornton v. State*, 425 S.W.3d 289, 299-300 (Tex. Crim. App. 2014). *See also Rabb v. State*, 424 S.W.3d 613, 616 (Tex. Crim. App. 2014). For this determination,

13

we must answer two questions: (1) in the course of convicting the appellant of the greater offense, must the jury have necessarily found every element to convict him for the lesser-included offense; and (2) conducting an evidentiary sufficiency analysis as though the appellant had been convicted of the lesser-included offense at trial, is there sufficient evidence to support a conviction for that offense? *See Thornton*, 425 S.W.3d at 299-300. If the answer to either of these questions is no, an appellate court is not authorized to reform the judgment to reflect a lesser-included offense. *Id.* at 300. But if the answers to both questions are yes, an appellate court is required "to avoid the 'unjust' result of an outright acquittal by reforming the judgment to reflect a conviction for the lesser-included offense." *Id.*

Under the criminal attempt statute, a "person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." TEX. PENAL CODE ANN. § 15.01(a) (West 2019). A person commits attempted tampering with evidence if, with specific intent to commit the offense of tampering, he does an act amounting to more than mere preparation that *tends but fails to effect the commission of the offense.* (Emphasis added). *See McNeal v. State*, No. 07-14-00355-CR, 2015 Tex. App. LEXIS 7433, at *11 (Tex. App.—Amarillo July 17, 2015, no pet.) (mem. op., not designated for publication).

In the underlying case, Appellant's intent to impair the availability of the cocaine as evidence in the investigation—the traffic stop—was a fact issue for the jury to decide. *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). Intent can be inferred from

the acts, words, and conduct of the accused. *See Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009) (noting that one's acts are generally reliable circumstantial evidence of one's intent). *See also Shamam v. State*, 280 S.W.3d 271, 278 (Tex. App.—Amarillo 2007, no pet.). Here, the jury rejected Appellant's explanation that he had removed his right shoe and sock due to a medical issue with his toenail. The jury could have reasonably inferred Appellant's intent to impair the availability of the cocaine during the investigation of the traffic stop by his conduct in removing his right shoe and sock. The jury could also have reasonably inferred that the white tubular container was in Appellant's right shoe or sock and that he removed his shoe and sock in a failed attempt to "conceal" the rocks of cocaine contained in the tube. The red cap of the white tubular container was not of the type that screwed on—it merely needed to be popped off, an act that could have been accomplished by Appellant with his foot. As we stated above, Appellant's apparent attempt to conceal this evidence actually resulted in its exposure. While the State's proof failed to satisfy the concealment element of tampering with evidence, it did establish an act amounting to more than mere preparation that tended but failed to effect the commission of tampering with evidence by concealment.

Accordingly, we answer both questions presented by *Thornton* affirmatively. Thus, the proper remedy is for us to reform Appellant's conviction to reflect a conviction for the lesser-included offense of attempted tampering with evidence. The criminal attempt statute prescribes punishment to be one category lower than the offense attempted. TEX. PENAL CODE ANN. § 15.01(d) (West 2019). Tampering with evidence is a third degree felony. *Id.* at § 37.09(c). Attempted tampering with evidence is, therefore, a state jail felony. *Id.* at § 15.01(d). Accordingly, based on the principles of *Bowen* and *Thornton*,

15

Appellant's conviction is reformed to reflect a conviction for attempted tampering with evidence, a state jail felony.

### STATE'S CROSS-APPEAL

The State has a limited right of appeal and that right is governed by article 44.01 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 44.01 (West 2018). While article 44.01(b) authorizes the State to appeal an illegal sentence, article 44.01(c) authorizes the State to appeal a ruling on a question of law if the defendant is convicted in a case and appeals the judgment. *Id.* at art. 44.01(b), (c).

By its cross-appeal, the State contends the trial court's refusal to enforce its amended notice to double-enhance Appellant's sentence under the habitual offender statute resulted in an "illegal sentence" that is appealable under article 44.01(b) of the Texas Code of Criminal Procedure. While we agree with the State that the trial court erred in refusing to instruct the jury on the law applicable to a double-enhanced felony, we need not decide whether that error resulted in an illegal sentence because the State's right to appeal in this case may also be based upon paragraph (c) of article 44.01 of the Code. Here, the State is appealing the trial court's ruling on a question of law—the denial of its amended notice to enhance punishment—and Appellant appealed his conviction. Thus, the State's cross-issue is properly before this court.

That being said, because Appellant is entitled to a new trial on the issue of punishment, and because the State will be entitled to present notice of intent to enhance under the applicable habitual offender statute before such a hearing is held, we find the State's issue to be moot. *See* TEX. R. APP. P. 47.1.

16

**CONCLUSION**

We reverse the judgment of the trial court, render a judgment of conviction as to the lesser-included offense of *attempted tampering with evidence by concealment,* a state jail felony, and remand this matter to the trial court for further proceedings consistent with this opinion.

Patrick A. Pirtle
Justice

Publish.